Filed 4/10/25  P. v. Rocha CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| THE PEOPLE, | B334356 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA122213) |
| v. | |
| MARTIN ROCHA, JR., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Reversed and remanded.

Michael Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Martin Rocha, Jr. (defendant) appeals the trial court's order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]  He contends the trial court engaged in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's petition at the prima facie stage.  Although the court properly relied on the preliminary hearing transcript, the transcript itself does not conclusively establish that defendant was the actual killer and hence not entitled to relief under section 1172.6 as a matter of law.  We accordingly reverse and remand for an evidentiary hearing.

## FACTS AND PROCEDURAL BACKGROUND

I.  **Facts**[3]

A.  *The underlying crime*

In late August 2011, Lorenzo Terrazas (Terrazas) was at a

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

2    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). We therefore refer to the law formerly codified at section 1170.95 as section 1172.6.

3    We summarize these facts from the transcripts of the preliminary hearing conducted on June 25 and 26, 2012.

backyard party inside rival gang territory.  Defendant confronted Terrazas and issued the traditional gang challenge "where [are] you from?"  Terrazas responded with his affiliation.  Defendant walked away but returned shortly afterwards and punched Terrazas in the face.  Terrazas threw a return punch but missed.  Bottles were being thrown and fights were breaking out when gunfire erupted and six shots were fired toward Terrazas.  Terrazas suffered a grazing wound to the forehead and his girlfriend Cynthia Bravo was shot through her kneecap.  Two other party attendees were also struck by .38 caliber bullets: John Garcia (Garcia) was shot in the leg, but Edgar Juarez (Juarez) was shot in the abdomen and died of his wound.

A few hours after the shooting, Oscar Fernandez (Fernandez) told police that defendant had admitted to shooting the "bitch-ass fool" and had asked Fernandez to hide his gun, but Fernandez later denied making those statements.  Police recovered a .38 caliber handgun from Fernandez's home.

**B.  *Charging, plea, conviction and appeal***

The People charged defendant with the first-degree murder of Juarez (§ 187, subd. (a)), and the attempted murders of Terrazas, Bravo, and Garcia (§§ 187, subd. (a), 664).  The People further alleged that defendant personally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) (as well as lesser firearm enhancements), and that the crimes were committed "for the benefit of, at the direction of, [and] in association with a criminal street gang" (§ 186.22, subd. (b)(1)(C)).  The People additionally alleged that defendant had a prior "strike" conviction within the meaning of our Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two prior prison terms (§ 667.5, subd. (b)).

3

On October 17, 2012, defendant pled no contest to voluntary manslaughter (§ 192, subd. (a)) and admitted the allegations that he personally used a firearm (§ 12022.5, subd. (a)) and that he had suffered a prior strike conviction. Defendant did not admit any other facts in connection with his plea; instead, pursuant to *People v. West* (1970) 3 Cal.3d 595, he entered "'a plea of nolo contendere, not admitting a factual basis for the plea.'" (*People v. Estrada* (2024) 101 Cal.App.5th 328, 334.)

The trial court sentenced defendant to 26 years in state prison comprised of a 22-year base term (that is, a high term of 11 years, doubled due to the prior strike) plus four years for the firearm enhancement.

## II. Procedural Background

On August 15, 2022, defendant filed a form petition for relief under section 1172.6 seeking vacatur of his manslaughter conviction and resentencing.

On August 30, 2022, the trial court appointed defendant counsel and ordered the prosecution to file a response to the petition.

On January 10, 2023, the People filed a response contending the record of conviction conclusively establishes defendant was the actual killer. With the response, the People attached as exhibits the transcripts from the preliminary hearing, the plea colloquy, and the sentencing hearing.

On September 6, 2023, defendant filed a reply brief arguing the court could not review the preliminary hearing transcript because he did not stipulate to a factual basis for his plea.

On December 11, 2023, the trial court denied the resentencing petition, finding defendant was ineligible for relief

as a matter of law because the record of conviction showed that he was prosecuted as the actual killer.

Defendant timely filed this appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying him relief under section 1172.6.

In 2018, our Legislature amended the definition of "murder" in our State to preclude a jury from "imput[ing]" the "[m]alice" element of that crime "based solely on [a defendant's] participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).) As amended, liability for murder is limited to persons (1) who are the actual killer; (2) who aided and abetted the actual killer in the murder (that is, who acted with the intent to kill); or (3) who were a major participant in the underlying felony that resulted in the killing, but only if they also acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e).)

Section 1172.6 is the procedural vehicle by which persons convicted of murder in a now-final judgment can seek to vacate convictions that do not satisfy the currently permissible theories for homicide liability. (§ 1172.6, subd. (a).) Summary denial of a so-called section 1172.6 petition is appropriate only if the defendant petitioning for relief fails (1) to file a facially valid petition, or (2) to make a "prima facie case for relief" under the statute. (*Id.*, subds. (b) & (c); *People v. Patton* (2025) 17 Cal.5th 549, 558-559, 562.) A defendant files a facially valid petition as long as he "recit[es]" "section 1172.6's requirements." (*Id.* at p. 562.) A prima facie case for relief entails a "more demanding"

5

"inquiry." (*Id.* at p. 566.) To evaluate whether a petition establishes a prima face case, a court must take the petition's factual allegations as true and ask """"whether the petitioner would be entitled to relief if [those] allegations were proved."""" (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "'However, if the record, including the court's own documents [from the record of conviction], "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner"'" and summarily denying the petition. (*Ibid.*) Where a petition makes only "conclusory allegations" (including those made by "checkbox"), the record of conviction controls and summary denial is appropriate. (*Patton*, at pp. 564-565.) But where a petition "points to specific facts" indicating that the defendant was convicted on a now-invalid theory, there is a "material fact dispute" necessitating an evidentiary hearing and precluding summary denial. (*Id.* at p. 567.)

The trial court erred in summarily denying defendant's section 1172.6 petition in this case. Here, the transcript of the preliminary hearing indisputably identifies defendant as the person who got into a fist fight with Terrazas, but it does not establish who shot Juarez. No witnesses, including Terrazas, saw defendant shoot Juarez. And the first fight that defendant started touched off a larger melee at the party. There was no evidence that all of the bullets fired came from a single gun. Terrazas' testimony that it "sound[ed]" like all the shots were fired from a single gun does not, as the Attorney General suggests, conclusively establish that only a single gun was used or that defendant was the person who fired it. Although Fernandez told police that defendant had admitted to the

shooting, Fernandez later recanted that statement. On this record, we cannot conclude that the record *conclusively* identifies defendant as the actual killer.[4] Thus, summary denial of defendant's petition was unjustified.

## DISPOSITION

The order of December 11, 2023, denying defendant's section 1172.6 petition is reversed and remanded for an evidentiary hearing.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
MOOR


_____, J.
KIM (D.)

---

[4] Our analysis of what the record conclusively shows is not meant to indicate what the trial court may or may not find true beyond a reasonable doubt at the evidentiary hearing.